

# NUMBER 13-11-00747-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JAIME ARTURO VILLARREAL,                                     Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Jaime Arturo Villarreal, guilty of attempted capital murder and capital murder. *See* TEX. PENAL CODE ANN. §§ 15.01 (West 2011), 19.03(a)(2) (West Supp. 2011). Villarreal received a life sentence for both counts. Villarreal's appellate counsel, concluding that the appeal in this cause is frivolous, filed an

amended *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Villarreal's appellate counsel has filed a motion to withdraw and a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Villarreal's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel specifically noted that he reviewed the following potential issues: (1) the sufficiency of the evidence; (2) whether venue was proper; (3) admissibility of photographs at trial; (4) the possibility of a double jeopardy violation; and (5) an outburst in the audience. Counsel then proceeded to explain why these potential issues are without merit. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw as counsel on appellant, (3) providing appellant with a copy of the record, and

(4) informing appellant of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Counsel has informed this Court that he has forwarded a copy of his brief to Villarreal and has informed Villarreal of his right to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Villarreal has filed his pro se response with this Court.[1] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's amended brief, and Villarreal's pro se responses, including his allegation of ineffective assistance of appellate counsel; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1] On July 30, 2012, Villarreal's appellate counsel filed an *Anders* brief with this Court. In his pro se response filed on September 10, 2012, Villarreal complained that his appellate counsel provided ineffective assistance because he failed to "master the trial record, [thoroughly] research the law, and exercise judgment in identifying possible grounds for appeal." This Court struck the *Anders* brief filed on July 30, and ordered appellate counsel to file an amended brief in compliance with *Anders*. Appellate counsel filed an amended *Anders* brief on December 21, 2012, wherein he explained why he has concluded that this appeal is without merit, cited pertinent legal authority supporting his conclusion, and provided record references to the facts and procedural history. On March 14, 2013, Villarreal filed his response to the amended *Anders* brief again complaining of ineffective assistance of appellate counsel.

3

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, Villarreal's attorney has asked this Court for permission to withdraw as counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Villarreal and advise him of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2013.

---

[2] No substitute counsel will be appointed.  Should Villarreal wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.